IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | **Crim. No. SAG-97-0410** |
| | * | |
| **FRANK DICKERSON, JR.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| *   *   *   *   *   *   * | * | *   *   *   *   * |

## MEMORANDUM OPINION

Frank Demetric Dickerson, Jr., who is presently in Bureau of Prisons ("BOP") custody at USP Hazleton's minimum security satellite camp, has filed a Motion for Sentence Reduction under Section 404 of the First Step Act. ECF 241, 243. The Government filed an opposition, ECF 248, and Dickerson has replied, ECF 249. For the reasons that follow, Dickerson's Motion is GRANTED and his term of imprisonment will be reduced to time served.

**I.  Factual Background**

Following a trial in the fall of 2000, a jury convicted Dickerson of Conspiracy to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(ii). At sentencing, United States District Judge Benson E. Legg found Dickerson responsible for 150 kilograms or more of powder cocaine, resulting in a base offense level of 38 under the United States Sentencing Guidelines ("USSG"). Despite the jury's express finding that Dickerson had also conspired to distribute 50 grams or more of cocaine base, Judge Legg declined to undertake the additional calculation of crack cocaine weight, calling it "much more complicated" and noting that the base offense level would likely be the same.

Judge Legg sentenced Dickerson to a total of 360 months of incarceration for Count One, with a concurrent sentence for Count Three. On November 18, 2016, United States District Judge J. Frederick Motz reduced Dickerson's sentence to 324 months in prison. Presently, Dickerson is scheduled to be released on June 30, 2023, if he receives full good time credit.

On February 25, 2022, Dickerson filed the instant motion seeking a sentence reduction under Section 404 of the First Step Act. He seeks an order reducing his sentence to time served, which at present is over 290 months.

**II.     Eligibility for Relief**

Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), to remedy the inequality in mandatory minimum sentences between drug trafficking offenses involving crack cocaine and those involving powder cocaine. *See United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020). In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress made those changes retroactive, and permitted courts to reduce a defendant's sentence, upon the defendant's motion, where (1) the defendant was convicted of a "covered offense," namely a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA]"; (2) the offense was committed before August 3, 2010; and (3) the defendant did not already receive a reduction under the First Step Act. *See United States v. Robinson*, Cr. No. PJM-02-0227, 2019 WL 3867042 at *2 (D. Md. Aug. 15, 2019). The Government concedes that, under existing precedent, Dickerson meets these criteria for a possible sentencing reduction, while not abandoning its contention that, because the amount of powder cocaine Dickerson trafficked alone sufficed to justify his sentence, application of the First Step Act rewards him, instead of penalizing him, for also trafficking in crack cocaine. Although acknowledging the seemingly problematic policy that results in circumstances like these,

2

this Court is bound by the Fourth Circuit's decision in *Gravatt*. *Gravatt* unequivocally decided that defendants in Dickerson's position, having distributed both crack cocaine and powder cocaine, remain eligible to seek relief under the 2018 First Step Act. *Id.*

Eligibility to move for relief, however, does not automatically equate to a sentence reduction, but simply affords Dickerson a review of the merits of his motion to determine whether the Court should exercise its discretion to impose a lesser sentence. *See Gravatt*, 953 F.3d at 262.

**III.    § 3553(a) Factors**

18 U.S.C. § 3553(a) prescribes the factors the Court must consider in determining whether it should reduce a defendant's sentence under Sections 404(b) and 404(c) of the First Step Act. *See Wirsing*, 943 F.3d at 183; *United States v. Logan*, Cr. No. CCB-10-0203, 2019 WL 3391618, at *1 (D. Md. July 26, 2019). The relevant factors here are (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need to protect the public from further crimes of the defendant;" and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). The Court may also consider the defendant's conduct since his conviction. *See Logan*, 2019 WL 3391618, at *1; *Robinson*, 2019 WL 3867042, at *5.

Beginning with the nature and circumstances of his offense, Dickerson's narcotics offense was a large-scale conspiracy involving hundreds of kilograms of cocaine. The Court is mindful, however, that the offense occurred twenty-five to thirty years ago. This factor, then, is essentially neutral.

Dickerson asks the Court to focus on the second factor, his history and characteristics, and especially his behavior during his incarceration, when he has had very few and relatively minor disciplinary infractions, has consistently earned reductions in his security classification, has

availed himself of educational and vocational programming, and has founded a business. The Court recognizes Dickerson's meaningful accomplishments during his term of imprisonment, and the support from his family and friends expressed in their letters attached to his motion. In sum, the Court views the history and characteristics of the defendant as weighing in favor of a sentence reduction.

As to the third factor, the need to protect the public from further crimes of the defendant, Dickerson is well into his sixties, which is a factor that statistically reduces his likelihood of recidivism. He has the support of his friends and family. He will also have a very significant ten-year term of supervised release, which should provide him the necessary incentive to comport his conduct to the law and the applicable conditions of supervision. In fact, the BOP already placed Dickerson into a Residential Reentry Center two years ago, as a step towards his release from custody. Unfortunately, he was required to have certain housing resources that did not come to fruition, requiring his return to USP Hazelton's minimum security camp. The fact that BOP deemed Mr. Dickerson ready for community confinement speaks to its assessment of a minimal need to protect the public from him. This Court agrees, and believes this factor weighs in favor of a sentencing reduction.

The final § 3553(a) factor is the need to avoid unwarranted sentence disparities. This factor weighs against early release, given that, as the Government notes, Dickerson's sentencing guideline range would be the same today in light of the massive quantity of powder cocaine he distributed. Of course, it is always conceivable that a judge today would impose a variant sentence, but it cannot be said with any degree of certainty that Dickerson's sentence is disparate as compared to similarly situated defendants sentenced in the same period of time, or as compared to similarly situated defendants sentenced today.

## IV. Conclusion

In conclusion, after considering all of the relevant factors, this Court concludes that a reduction of Dickerson's sentence to time served, keeping the existing 10-year period of supervised release, is most appropriate to accomplish the objectives described in 18 U.S.C. § 3553(a). Accordingly, Dickerson's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act is GRANTED, and his sentence on Count One will be reduced to time served, except that the release plan can include up to a 14-day period of quarantine and medical clearance prior to release to account for Covid-19 and to make transition plans and travel arrangements.

An amended judgment will ISSUE.

DATED: May 31, 2022                                  /s/
                                            Stephanie A. Gallagher
                                            United States District Judge